IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND LEROY AVIS, ET AL. ,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., ET AL.,<br><br>Defendants. | ) | CIVIL NO. 10-00181 DAE-LEK |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITHOUT PREJUDICE**

On July 26, 2010, this Court issued an order allowing John Carroll, Esq., to withdraw as counsel for Plaintiffs Raymond Leroy Avis, Evon Avis, and Waialua Development, Inc. (“WDI”, all collectively “Plaintiffs”).[1] The Court ordered Plaintiffs to appear at a September 20, 2010 status conference, in person, unless they retained new counsel by that time. The Court further cautioned Plaintiffs that, as a legal entity, WDI could not represent itself pro se. At the September 20, 2010 status conference, no one appeared on Plaintiffs’ behalf, and there is no indication in the record that Plaintiffs have retained new counsel.

---

[1] The Clerk’s office mailed each plaintiff a copy of the Court’s order on August 4, 2010. [Dkt. no. 25.] Raymond Leroy Avis’ and WDI’s copies were returned by the postal service on August 6, 2010 with forwarding addresses. [Dkt. no. 26.] The Clerk’s Office re-mailed the order to the new addresses on August 9, 2010. [Dkt. no. 27.]

Courts do not take failure to comply with court orders lightly. Rule 16(f) provides, in pertinent part:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> . . . .
>
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiffs failed to comply with the order allowing counsel to withdraw, and WDI cannot prosecute this case without new counsel. Raymond Leroy Avis and Evon Avis could each proceed pro se, but has not done so, and WDI had ample opportunity to retain new counsel, but has failed to do so. After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[2] the Court finds that

[2] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring

the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendants will not be prejudiced, and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 27, 2010.




/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RAYMOND LEROY AVIS, ET AL. V. WELLS FARGO BANK, N.A., ET AL; CIVIL NO. 10-00181 DAE-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**

---

disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).